IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  22-CR-0211-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  RONALD PHILIP WALLACE and
2.  STACE YATER WALLACE,

      Defendants.

---

## INDICTMENT

---

The Grand Jury charges:

## <u>COUNTS 1 - 9</u>

1.      Between September 2014 through  August 2019, defendant RONALD PHILIP WALLACE devised and intended to devise a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

2.      As part of the scheme, RONALD PHILIP WALLACE sought investments from individuals as a means of capitalizing companies with which he was associated which were involved in producing and selling CBD products.[1]

3.      As a part of the scheme RONALD PHILIP WALLACE  provided potential investors with false or misleading information for the purpose of  inducing them to

---

[1]      CBD is a reference to cannabidiol.  CBD is an active ingredient derived from marijuana but also can be derived from hemp. CBD is marketed as an ingredient in products too numerous to list.

invest. Based upon the representations of RONALD PHILIP WALLACE, investors provided monies for the purpose of funding the production and marketing of CBD products.

4. On or about the dates listed below, in the State and District of Colorado and elsewhere, RONALD PHILIP WALLACE, for the purpose of executing the aforesaid scheme and artifice to defraud, directed and caused investors (identified herein by initials) to transfer investment funds to bank accounts identified by RONALD PHILIP WALLACE and in so doing caused writings, signs and signals to be transmitted by means of wire communications in interstate commerce for the purpose of executing the scheme as listed below:

| Count | Date | Amount | Investor | Deposited to Account |
|-------|------|--------|----------|----------------------|
| 1 | 11/9/2017 | $33,000 | S.C. | BD Cann, Vectra x2990 |
| 2 | 1/21/2018 | $80,000 | S.C. | Fource Management, Vectra x2097 |
| 3 | 7/18/2018 | $60,000 | E.W. | Lipro, Wells Fargo x9291 |
| 4 | 8/17/2018 | $60,000 | W.N. | Lipro,Wells Fargo x9291 |
| 5 | 1/9/2019 | $499,980 | N.C. | Lipro, JPMC x9101 |
| 6 | 2/11/2019 | $499,980 | N.C. | Lipro, JPMC x9101 |
| 7 | 4/19/2019 | $50,000 | T.H. | Lipro, JPMC x9101 |
| 8 | 5/10/2019 | $150,000 | T.H. | Lipro, JPMC x9101 |
| 9 | 7/3/2019 | $50,000 | M.C. | Lipro, JPMC x9101 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 10-40

5.     On or about the dates noted below per count, in the State and District of Colorado, and elsewhere, the defendants RONALD PHILIP WALLACE and STACE YATER WALLACE, knowing that property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted or attempted to conduct such a financial transaction which involved the proceeds of a specified unlawful activity, wire fraud in violation of Title 18, United States Code, Sections 1343 and 2, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity:

| Count | Date | From Account | To Account | Amount |
|-------|------|--------------|------------|--------|
| 10 | 11/10/2017 | BD Cann-x2920 | Stace Yater Wallace-x1010 | $11,200 |
| 11 | 11/10/2017 | BD Cann-x2920 | Sophic Solutions-x2768 | $9,000 |
| 12 | 11/10/2017 | Stace Yater Wallace-x1010 | TYW, LLC- x0460 | $3,486 |
| 13 | 11/10/2017 | Stace Yater Wallace-x1010 | TYW, LLC- x0460 | $3,250 |
| 14 | 11/10/2017 | Sophic Solutions-x2768 | Ronald Wallace Pinnacle Bank | $2,200 |
| 15 | 11/10/2017 | Sophic Solutions-x2768 | TYW, LLC-x0460 | $1,500 |
| 16 | 1/9/2019 | Lipro-x9101 | Sophic Solutions-x2768 | $23,000 |
| 17 | 1/9/2019 | Sophic Solutions-x2768 | Stace Yater Wallace-x1010 | $5,000 |
| 18 | 1/9/2019 | Sophic Solutions-x2768 | Stace Yater Wallace-8264 | $3,500 |
| 19 | 1/9/2019 | Stace Yater Wallace-x1010 | TYW, LLC-x0460 | $5,000 |
| 20 | 1/9/2019 | Sophic Solutions-x2768 | TYW, LLC-x0460 | $3,399 |

| 21 | 1/9/2019 | Sophic Solutions-x2768 | Ronald Wallace Pinnacle Bank | $2,300 |
|----|----------|------------------------|------------------------------|--------|
| 22 | 1/9/2019 | Sophic Solutions-x2768 | TYW, LLC-x0460 | $1,200 |
| 23 | 1/9/2019 | Sophic Solutions-x2768 | Stace Yater Wallace-x1010 | $1,100 |
| 24 | 1/11/2019 | Sophic Solutions-x2768 | Stace-Yater Wallace-x1010 | $4,500 |
| 25 | 1/11/2019 | Stace Yater Wallace-x1010 | TYW LLC-x0460 | $3,775 |
| 26 | 1/14/2019 | TYW LLC-x0460 | Ishmael Arquata | $1,700 |
| 27 | 2/11/2019 | TYW LLC-x0460 | Ishmael Arquata | $1,700 |
| 28 | 2/14/2019 | Lipro-x9101 | Sophic Solutions-x2768 | $5,000 |
| 29 | 2/14/2019 | Lipro-x9101 | Stace Yater Wallace-x1010 | $3,800 |
| 30 | 2/14/2019 | Stace Yater Wallace-x2768 | TYW, LLC-x0460 | $1,800 |
| 31 | 2/19/2019 | Lipro-x9101 | TYW, LLC-x0460 | $4,456 |
| 32 | 2/25/2019 | Lipro-x9101 | TYW, LLC-x0460 | $2,507.03 |
| 33 | 3/20/2019 | Sophic Solutions-x2768 | TYW, LLC-x0460 | $2,215.98 |
| 34 | 5/10/2019 | Lipro-x9101 | Sophic Solutions-x2768 | $10,000 |
| 35 | 5/10/2019 | Sophic Solutions-x2768 | Ronald Wallace Pinnacle Bank | $2,500 |
| 36 | 5/14/2019 | Sophic Solutions-x2768 | Stace Yater Wallace-x1010 | $2,500 |
| 37 | 5/14/2019 | Sophic Solutions-x2768 | TYW, LLC-x2768 | $1,490 |
| 38 | 5.14.2019 | Ronald Wallace Pinnacle Bank | TYW, LLC-x2768 | $750 |
| 39 | 5/14/2019 | Stace Yater Wallace-x1010 | TYW, LLC-x2768 | $1,175 |
| 40 | 5/17/2019 | TYW, LLC-x2768 | Ishmael Arquata | $1,700.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## **COUNT 41**

6.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a

federal law enacted in March 2020 and was designed to provide emergency financial assistance to Americans impacted by the economic effects caused by the COVID-19 pandemic. The CARES Act authorized the SBA to issue loans to small businesses and non-profit entities experiencing revenue loss due to the pandemic.

7.      One form of assistance provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). Repayment of the loans was guaranteed by the United States government through the Small Business Administration (SBA).

8.      To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business. The PPP loan application required the small business, through its authorized representative, to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.  In the PPP loan application, the small business, through its authorized representative, was required to provide, among other things, its average monthly payroll expenses and number of employees. These figures were used by financial institutions or lenders delegated by the SBA to underwrite and approve the loans to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.  The applicant was required to certify that the information was true and accurate in all material respects.

9.     PPP loan applications were processed by a participating financial institution. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were  guaranteed by the SBA.  Data submitted in the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

10.     PPP loan proceeds could only be used by the business on certain permissible expenses, such as payroll costs, interest on mortgages, rent and utilities.[2] The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on the allowable expenses within a designated period of time and used a certain percentage of the PPP loan proceeds towards payroll expenses.

11.     Between on or about May 20, 2020, and on about April 27, 2021, RONALD PHILIP WALLACE and STACE YATER WALLACE did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud a financial institution, and to obtain monies, funds, credits, assets, and other property owned by, and under the custody and control of, a financial institution, by means of materially false and fraudulent pretenses, representations and promises.

---

[2]     The authorized representative of the applicant was required to affirm that "The [PPP loan] funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments and utility payments, as specified under the Paycheck Protection Program Rules.  I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as charges for fraud."

12.     In furtherance of the scheme, on or about May 21, 2020, a false and misleading PPP loan application in the name of NATURLFX, Inc.[3] was submitted to Zions Bank dba Vectra Bank of Colorado, a federally insured bank and a PPP loan application processor and approved SBA lender of PPP loans. The application was electronically signed by STACE YATER WALLACE. The information provided in the application, as well as supporting documents and forms, were certified as true and accurate. The application contained materially false information. As a result of the application, on May 26, 2020, Vectra Bank of Colorado, funded NATURLFX, Inc. with a $65,200 loan. All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 42

13.     Paragraphs 6 – 12 are realleged and incorporated by reference.

14.     In furtherance of the scheme, on or about April 22, 2021, a false and misleading PPP loan application in the name of NATURLFX, Inc. was submitted to Zions Bank dba Vectra Bank of Colorado. The application requested an increase in the $65,200.00 loan approved in May 2020. The information provided in the application, as well as supporting documents and forms, were certified as true and accurate. The application contained materially false information. As a result of the application, on or about April 27, 2021, Vectra Bank funded NATURLFX, Inc. with a second draw on the loan in the amount of $54,854.

All in violation of Title 18, United States Code, Sections 1344 and 2.

---

[3]     NATURLFX, Inc., was incorporated on August 13, 2019. On the same date, LiPro, Inc., notified the Colorado Secretary of State that it changed its corporate name to NATURLFX, Inc. STACE YATER WALLACE was a member of the Board of Directors of NATURLFX, Inc., and signed a corporate resolution which approved applying for "government assistance loans" on May 12, 2020.

## COUNT 43

15.     Paragraphs 6 – 11 are realleged and incorporated by reference.

16.     In furtherance of the scheme, on or about February 4, 2021, a false and misleading PPP application for a loan in the name of NATURLFX, Inc. was submitted to Zions Bank dba Vectra Bank of Colorado, a federally insured bank and a PPP loan application processor and approved SBA lender of PPP loans.  The application was electronically signed by STACE YATER WALLACE.  The information provided, as well as supporting documents and forms, were certified as true and accurate.  The application contained materially false information.   As a result of the application, on or about February 22, 2021, Vectra Bank funded NATURALFX, Inc. with a $113,492 loan.

All in violation of Title 18, United States Code, Sections1344 and 2.

## COUNT 44

17.     On or about February 23, 2021, in the State and District of Colorado, and elsewhere, STACE YATER WALLACE and RONALD PHILLIP WALLACE, did knowingly engage and attempt to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000.00, to wit: a wire transfer from a bank account of NATURLFX Inc., to a trust account of a law firm identified herein as D.W., which was derived from a specified unlawful activity, that is, bank fraud (a violation of Title 18, United States Code, Section 1344) in violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF FORFEITURE

18.     The allegations contained in Counts 1 through 44 of this Indictment hereby are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 982(a)(2), and Title 28, United States Code, Section 2461(c).

19.     Upon conviction of one or more of the violations alleged in Counts 1 through 9 of this Indictment involving the commission of violations of Title 18, United States Code, Sections 1343 and 2, the defendant RONALD PHILIP WALLACE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all rights, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense or offenses, including in the form of a money judgment in the amount of the proceeds obtained by the defendant and the scheme.

20.     Upon conviction of one or more of the violations alleged in Counts 10 through 40 and 44 of this Indictment involving the commission of violations of Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1957, and 2, the defendants RONALD PHILIP WALLACE and STACE YATER WALLACE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all rights, title, and interest in all property involved in such offense or offenses, or property traceable to such property, including in the form of a money judgment in the amount of the proceeds obtained by the defendants.

21.     Upon conviction of one or more of the violations alleged in Counts 41 through 43 of this Indictment involving the commission of violations of Title 18, United

States Code, Sections 1344 and 2, the defendants RONALD PHILIP WALLACE and STACE YATER WALLACE shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2), any and all rights, title, and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense or offenses, including in the form of a money judgment in the amount of the proceeds obtained by the defendants and the scheme.

22.     If any of the property described above, as a result of any act or omission of RONALD PHILIP WALLACE  and STACE YATER WALLACE, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of RONALD PHILIP WALLACE  and STACE YATER WALLACE up to the value of the forfeitable property described above.

A TRUE BILL:  Ink signature on file in Clerk's Office
FOREPERSON

COLE FINEGAN
United States Attorney

By: *s/Robert Brown*
ROBERT BROWN
Assistant U.S. Attorney
1801 California St., Ste. 1600
Denver, CO 80202