**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 22-CR-0211-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. RONALD PHILIP WALLACE, and
2. STACE YATER WALLACE,

Defendants.

---

**UNOPPOSED JOINT MOTION FOR A DESGINATION OF COMPLEXITY AND
AN ENDS OF JUSTICE EXCLUSION OF 180 DAYS FROM THE SPEEDY TRIAL
CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS
3161(h)(7)(A) and (B)(ii) and (iv)**

---

THE DEFENDANTS, Ronald Philip Wallace ("Mr. Wallace") by Lynn Pierce, and Ronald Gainor, and Stace Yater Wallace ("Ms. Yater Wallace"), by Richard Banta, file this motion, without opposition, respectfully requesting that the Court issue an Order: (1) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (2) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (3) excluding at least 180 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i) - (iv). As grounds for this motion, Defendants state as follows:

**PROCEDURAL BACKGROUND**

1. On June 22, 2022, a 44-count indictment was returned against Defendants charging Mr. Wallace with: 18 U.S.C. §§ 1343 Wire Fraud (Counts 1-9) and

both Mr. Wallace and Ms. Yater Wallace with 18 U.S.C. 1956 Money Laundering (10-40, 44) and 18 U.S.C. § 1344 Bank Fraud (41-43). Defendants pled not guilty on June 27, 2022. After email correspondence with the Court's chambers, trial would be set around August 15, 2022 to comply with the Speedy Trial statute.

**LEGAL AND FACTUAL GROUNDS FOR MOTION**

2. Title 18 U.S.C. § 3161(h), provides in relevant part: "The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:" (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

3. The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. See 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"

4. In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. First, the Court must consider the following factors listed in § 3161(h)(7)(B)(i) - (iv):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. The Court must then set forth, in the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

6. Defendants respectfully advise the Court that the above referenced case is complex, under Title 18, United States Code, Section 3161(h)(7)(B)(ii) and (iv) due to the amount of documentary material and other evidence subject to pretrial disclosure or discovery, as well as the need for foreign language translation of much of the evidence. Under the circumstances, the Defendants believe that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself, by the prosecution or the defense, within the normal time limits established by Title 18, United States Code, Section 3161.

7. Accordingly, Defendants request, without opposition, that the Court make an ends of justice findings contemplated by Section 3161(h)(7)(A), and exclude 180 days from the speedy trial calculation, and set the case for a status conference and further proceedings toward the end of the period of excludable time. In support of this motion, Defendants state the following.

8. The indictment in this case involves a two-year investigation into an alleged wire fraud and money laundering scheme involving several entities. The investigative materials include over 14,000 pages including interviews, reports, and electronic communications and bank/financial records. In addition, the defense has been provided an external hard drive with approximately an additional 24 Gigabytes of electronic communications and miscellaneous documentation. Furthermore, some of the key witnesses in the case are located in other states or countries, which will require additional time for the defense investigation.

9. Under the circumstances, it is unreasonable to expect adequate preparation by the defense for pretrial proceedings, or for the trial itself, within the normal time limits established by Title 18, United States Code, Section 3161. The defense believes they will need at least 180 days to review the discovery material, locate and interview witnesses, and prepare for pretrial motions and trial.

10. Defendants respectfully assert that the ends of justice will be served by the Court's finding and concluding that this case is complex within the meaning of Title18, United States Code, Section 3161(h)(7)(B)(ii) and/or that the failure to grant such a continuance in this case, taken as a whole, would deny counsel for the defendants reasonable time necessary for effective preparation, taking into account the

exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv). The Defendants, without opposition by the Government, believe that at least 180 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the underlying investigation.

11. In further support of this motion, Defendants address the factors articulated in *United States v. West*, 828 F.2d 1468, 1449-70 (10th Cir. 1987). First, the United States has exercised diligence in collecting, organizing, and producing the evidence in this case. If this motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance. Namely, the defense will have an opportunity to diligently review the voluminous discovery, determine what, if any, defenses their clients may have, conduct any necessary investigation, and file any necessary discovery and/or suppression motions once they have reviewed the discovery. Second, Defendants do not believe that such a continuance will inconvenience the Government or witnesses, and allowing the defense sufficient time to review and digest the evidence, would save judicial resources by allowing the parties the time necessary to potentially resolve their respective cases without further litigation. Third, without the requested continuance, Defendants believe they will be prejudiced because proceeding under the normal time limits would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

12. Defendants have conferred with Assistant United States Attorney Robert Brown and he does not oppose this motion

**CONCLUSION**

13.  Accordingly, Defendants Ronald Philip Wallace and Stace Yater-Wallace respectfully request that the Court schedule a hearing and issue an Order: (1) designating the above-captioned case as "complex" pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii); (2) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (3) excluding at least 180 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i) - (iv).

This the 1st day of July, 2022.

/s/ Lynn A. Pierce
Lynn A. Pierce #18953
Butler, Landrum & Pierce, P.C.
720 Kipling Street, Suite 201
Lakewood, CO  80215
(303) 232-3888
lpierce.blp@comcast.net
**Attorney for Defendant**
**Ronald Philip Wallace**

/s/ Ronald Gainor
**Ronald Gainor**
Gainor & Donner
10722 Ashford Circle
Highlands Ranch, CO 80126
720-201-3036
Email: gainorlaw@gmail.com
**Attorney for Defendant**
**Ronald Philip Wallace**

/s/ Richard J. Banta
Richard J. Banta
501 S. Cherry Street
Suite 1100-mb11
Denver, CO 80246
303-860-8048
rjbanta@comcast.net
**Attorney for Defendant**
**Stace Yater Wallace**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2022, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel of record.

/s/ Lynn Pierce