**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CASE NO. 22-CR-0211-PAB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  **RONALD PHILIP WALLACE, and**
2.  **STACE YATER WALLACE,**

Defendants.

---

**DEFENDANTS' JOINT MOTION OBJECTING TO MISJOINDER OF COUNTS**
**OR IN THE ALTERNATIVE TO SEVER COUNTS**

---

THE DEFENDANTS, Ronald Philip Wallace ("Mr. Wallace") by Lynn Pierce, and Ronald Gainor, and Stace Yater Wallace ("Ms. Yater Wallace"), by Richard Banta, file this joint motion, and move the Court for an order severing Counts 41, 42, 43 and 44, from the trial of the remaining counts. As grounds for this motion, Defendants state as follows:

**PROCEDURAL BACKGROUND**

1. On June 22, 2022, a 44-count indictment was returned against Defendants charging Mr. Wallace with: 18 U.S.C. §§ 1343 Wire Fraud (Counts 1-9) and both Mr. Wallace and Ms. Yater Wallace with 18 U.S.C. 1956 Money Laundering (10-40, 44) and 18 U.S.C. § 1344 Bank Fraud (41-43). Counts 1 through 40 pertain to alleged misrepresentations to investors and use of the alleged fraudulently obtained funds, for a CBD company called "LiPro" between 2014 and August 2019. Counts 41-

44 pertain to an alleged fraudulently obtained a Paycheck Protection Program ("PPP") loan, by LiPro under its new name, "NaturlFX". The PPP loan is allegedly to have been sought by NaturlFX between May 2020 and May 2021. The Wallaces object to the PPP-related counts being tried with the investment-related counts.

## LEGAL AND FACTUAL GROUNDS FOR SEVERANCE

2. F.R.Crim.P. Rule 8(a) allows the Government to indict multiple offenses in a single indictment:

> Joinder of Offenses. The indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

3. F.R. Crim. P. 14 states in pertinent part:

> Relief from Prejudicial Joinder (a) Relief: If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

4. The prevailing law in this circuit is set forth in *United States v. Kelley*, 635 F.2d 778 (10th Cir. N.M. 1980). In *Kelley*, the defendant was charged with armed bank robbery, larceny of bank funds, and receipt of a firearm after having been convicted of a felony. The defendant moved to sever the prior conviction count. The Court ruled, that, "When Rules 14 and 8 are considered collectively, it is clear that although a defendant may obtain relief from a prejudicial joinder of offenses, joinder is proper when the offenses constitute 'parts of a common scheme or plan.' " The *Kelley* court cited with approval the proposition that misjoinder, which, if it occurs, is in itself error citing *Baker*

*v. United States*, 131 U.S.App.D.C. 7, 401 F.2d 958, 973 (1968) and *Ingram v. United States*, 272 F.2d 567, 570 (4th Cir. 1959). The *Kelley* court authorized the joint trial of the bank robbery counts with the receipt of a firearm after having been convicted of a felony count as it found that the theft of the firearms was accomplished in order to commit the bank robbery and as a result the three crimes were part of were part of a "common scheme or plan." Id.

5. The decision to grant a severance is within the sound discretion of the trial court and its decision will not ordinarily be reversed in the absence of a strong showing of prejudice. *United States v. Heath*, 580 F.2d 1011, (10th Cir. 1978), cert. denied, 439 U.S. 1075, 99 S. Ct. 850, 59 L. Ed. 2d 42 (1979). A trial court may grant a severance if it appears that the defendant or Government is prejudiced by joinder. *United States v. Herring*, 582 F.2d 535 (10th Cir. 1978).

6. In this case the alleged PPP-related counts involve alleged facts separate and unrelated in character, to the investment fraud allegations. Furthermore, the LiPro counts were alleged to have been committed between 2014 and August 2019. The PPP counts are alleged to have been committed between May 2020 and May 2021.

7. Specifically, the PPP loan and related counts were not based on the same acts or transactions alleged in Counts 1 through 40, nor were they connected with any part of an alleged common scheme or plan connected to those counts. Furthermore, the alleged PPP offenses are temporally separate from Counts 1-40 and have no nexus with those counts but for they relate to the Wallaces and LiPro renamed as NaturlFX. Due to the foregoing, there is no authority under Crim. P. 8 to join Counts 1-40 with the PPP counts.

8.     Assuming arguendo the Court finds the charges were properly joined, severance under Crim. P. 14 is necessary to avoid unnecessary prejudice to the Wallaces. The joinder of the two sets of very different crimes creates the clear danger that jurors will convict the Wallaces of the PPP counts or the LiPro counts because they believe the Wallaces were engaged in other unrelated fraudulent acts and had a propensity to commit fraud.  This portrayal, even if not adopted in opening statement or closing argument by the government, is clearly one which will unfairly prejudice the jury against the Wallaces and in turn result in an unfair trial.

9.     Counsel for the Wallaces contacted AUSA Robert Brown to confer on this matter and Mr. Brown indicated he will likely oppose this motion.

## CONCLUSION

WHEREFORE, Defendants Ronald Philip Wallace and Stace Yater-Wallace respectfully request that the Court order that Counts 1-40 be severed from Counts 41-44, that Counts 41-44 be tried in a separate trial, for a hearing on this motion, and for any further relief the Court deems appropriate.

This the 28th day of March, 2023.

/s/ Lynn A. Pierce
Lynn A. Pierce
Butler, Landrum & Pierce, P.C.
720 Kipling Street, Suite 201
Lakewood, CO  80215
(303) 232-3888
lpierce.blp@comcast.net
**Attorney for Defendant Ronald Philip Wallace**

/s/ Ronald Gainor
Ronald Gainor
Gainor & Donner
10722 Ashford Circle
Highlands Ranch, CO 80126
720-201-3036
Email: gainorlaw@gmail.com
**Attorney for Defendant**
**Ronald Philip Wallace**

**/s/ Richard J. Banta**
Richard J. Banta
501 S. Cherry Street
Suite 1100-mb11
Denver, CO 80246
303-860-8048
rjbanta@comcast.net
**Attorney for Defendant**
**Stace Yater Wallace**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th of March, 2023, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notification of such filing to all counsel of record.

/s/ Lynn Pierce