IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 22-cr-00211-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     RONALD PHILIP WALLACE, and
2.     STACE YATER WALLACE,

      Defendants.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

      This matter is before me on Defendants' Third Unopposed Joint Motion for Ends of Justice Exclusion of 180 Days From the Speedy Trial Calendar [Docket No. 41]. The United States does not oppose the motion. *Id*. at 1, 7.

      The trial in this matter is set for August 14, 2023. Docket No. 33 at 5. When I last granted a request to exclude time in this case, *id*., I found that there were 66 days remaining in the original speedy trial period. *Id*. at 1. At that time, I excluded 180 days from January 15, 2023. *Id*. at 6. That 180-day period expires on July 14, 2023. On March 28, 2023, defendants filed a joint motion objecting to misjoinder of counts or in the alternative to sever counts, Docket No. 37, which tolls speedy trial. I therefore find that there are still 66 days left in the speedy trial period.

      The defendants' motion is based on two arguments. First, some of the discovery consists of emails that require assistance from an IT specialist. Docket No. 41 at 4. The IT specialist is in the process of downloading and converting the emails to a

searchable format.  *Id*.  Once the relevant emails are identified, the defendants will disclose the emails to the government.  *Id*.  Second, defendant is scheduled for knee surgery on June 28, 2023 and will need approximately 8 weeks to recover.  *Id*. at 4-5.

The defendants' motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.  Specifically, the motion implicates 18 U.S.C. § 3161(h), which provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions.  *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).  The Act requires that a defendant's trial commence within seventy days after the indictment is filed or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Certain periods of delay are excluded and do not count toward the 70-day limit.  *See* 18 U.S.C. § 3161(h)(1)-(8).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant

2

in a speedy trial.'"   *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting

former 18 U.S.C. § 3161(h)(8)(A)).

    In order for a continuance to qualify as an excludable "ends-of-justice"

continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied.  *Id.* at 441.

First, I must consider the following factors listed in § 3161(h)(7)(B):

> (i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

> (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

> (iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

> (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth,

"in the record of the case, either orally or in writing, [my] reasons for finding that the

ends of justice served by the granting of such continuance outweigh the best interests

of the public and the defendant in a speedy trial."  *Id.*, § 3161(h)(7)(A).  Although my

findings "'may be entered on the record after the fact, they may not be made after the

fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

I find that the exclusion of 180 days is justified and necessary to allow counsel for both defendants time to review the extensive discovery and for defendant Ronald Philip Wallace to recover from surgery.

Thus, I find that it would be unreasonable to expect adequate preparation by defendants, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c) and the time already excluded.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161 and the time already excluded would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That 180 days from July 14, 2023 should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE,** it is:

1. **ORDERED** that Defendants' Third Unopposed Joint Motion for Ends of Justice Exclusion of 180 Days From the Speedy Trial Calendar [Docket No. 41] is **GRANTED**.  It is further

2. **ORDERED** that the pretrial motions deadline, currently set for July 7, 2023, as well as the response deadline, currently set for July 14, 2023, are vacated.  All pretrial motions shall be filed by December 29, 2023 and responses to these motions shall be filed by January 5, 2024.  It is further

3. **ORDERED** that the Trial Preparation Conference for August 11, 2023 at 1:30 p.m. is vacated and will be reset for **February 2, 2024 at 2:30 p.m.**  It is further

4. **ORDERED** that the jury trial set for August 14, 2023 is vacated and will be reset for **February 5, 2024 at 8:00 a.m.** for eight days.  It is further

5. **ORDERED** that 180 days from July 14, 2023 shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED May 26, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge