IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00211-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.     STACE YATER WALLACE,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Timothy Neff and Nicole Cassidy, Assistant United States Attorneys for the District of Colorado, and the defendant, Stace Yater Wallace, personally and by counsel, Richard Banta, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.     AGREEMENT

A.   **Defendant's Agreement**:

The defendant agrees:

(1)     to plead guilty to an Information charging a violation of 26 U.S.C. § 7203 (Willful Failure to File Return);

(2)     to waive certain appellate and collateral attack rights, as explained in detail below; and

(3)     be liable for restitution to the Internal Revenue Service ("IRS") in the amount of $7,759 (before interest and penalties).[1]

---

[1] The parties agree that the defendant is entitled to credit for any tax withholdings as it relates to the tax years in question.

COURT EXHIBIT 1

B.  **Government's Obligations**:

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A) and (B).  The government agrees to move to dismiss Counts 10–44 of the Amended Indictment with prejudice, against this defendant only, and not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado.  Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

The government agrees to recommend a sentence at the low-end of the applicable guideline range for the criminal history and a total offense level calculated by the Court at sentencing.  The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a).  If the defendant engages in conduct which implicates USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, in addition to any other consequences, the government will be released from its obligations under the plea agreement, and the defendant will not thereby have any right to withdraw from the plea agreement.

C.  **Defendant's Waiver of Appeal**:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and

voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)    the sentence exceeds the maximum sentence provided in the statute[s] of conviction;

(2)    the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of **6**; or

(3)    the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)    the defendant was deprived of the effective assistance of counsel; or

(3)    the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may

appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D.**   **Restitution**

The defendant agrees to pay restitution to the Internal Revenue Service ("IRS") in the amount of all taxes, interest, and penalties due and owing since 2017, including all taxes, penalties, and interest on the tax due and owing (estimated to be $7,759 before interest and penalties):

The defendant agrees not to contest this good-faith calculation of this amount by the IRS before sentencing.[2]  The defendant agrees that this restitution amount results from the relevant conduct admitted to in this agreement.  The defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of the tax and interest that she agrees to pay as restitution. The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

The government agrees that the defendant's restitution amount should be reduced by the amount of any payments already made by the defendant, exclusive of any payments on penalties

---

[2] The parties agree that the defendant is entitled to credit for any tax withholdings as it relates to the tax years in question.

and interest, on her outstanding tax obligations from conduct relevant to this plea before the time of sentencing.

The defendant agrees that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this agreement or any other time period, and she agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period. The defendant also agrees to file complete and accurate tax returns for any outstanding tax years.

## II.    ELEMENTS OF THE OFFENSE

The parties agree that the elements of 26 U.S.C. § 7203 (Willful Failure to File Return) are as follows:

1. The defendant was required by law to file a tax return;

2. The defendant failed to file the return as required by law; and

3. The defendant acted willfully, that is, she knew that she was required by law to file a return.

*See United States v. Harting*, 879 F.2d 765, 766–67 (10th Cir. 1989); *see also* Seventh Circuit Pattern Criminal Jury Instructions, 26 U.S.C. § 7203 Failure to File Tax Return—Elements (2023 ed.)

## III.    STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Information is: not more than one year of imprisonment; maximum term of supervised release of 1 year; maximum fine of

$100,000; $25 special assessment; costs of prosecution; and restitution in an amount to be determined by the Court at the time of sentencing.

## IV.    COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.    STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct.

At all relevant times relevant to this Plea Agreement, the defendant, Stace Yater Wallace, maintained her primary residence in the State and District of Colorado.

The defendant did not timely file personal or business income tax returns with, nor make timely tax payments to, the IRS for the tax years 2017 through 2019.  She knew that she had an obligation to file tax returns for the 2017 through 2019 tax years and willfully did not file the tax returns.  The defendant also acknowledges that she had sufficient income in those tax years from, *inter alia*, her work with BD Cann LLC, Sophic Solutions, Force Management LLC, and Lipro

LLC, such that she was required to file federal tax returns.

As a result, the defendant avoided paying and reporting income as identified below:

| CALENDAR YEAR | GROSS INCOME | TAX DUE AND OWING |
|---|---|---|
| 2017 | $32,673 | $878 |
| 2018 | $48,725 | $2,586 |
| 2019 | $63,484 | $4,295 |

The total tax due and owing for the three years above equals approximately $7,759, before interest and penalties. The parties agree that this is the tax loss amount under the guidelines as well as the restitution owed to the IRS (before interest and penalties). [3]

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified

---

[3] The parties agree that the defendant is entitled to credit for any tax withholdings as it relates to the tax years in question.

during the sentencing process, affect the estimate below.

a) Under Section 2T1.1, the base offense level is 10. §§ 2T1.1(a)(1), 2T4.1(C).

b) There are no victim-related, role-in-offense or obstruction adjustments that apply.

c) The adjusted offense level is 10.

d) The defendant should receive a 2-level downward adjustment for timely acceptance of responsibility. § 3E1.1(a).

e) The parties believe that the defendant meets the criteria for the two-level adjustment for zero-point offenders. § 4C1.1.

f) The resulting total offense level is 6.

g) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

h) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

i) The advisory guideline range resulting from these calculations is 0–6 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 0 months (bottom of Category I) to 18 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction. Here, the statutory maximum for the count of conviction is 12 months' imprisonment.

j) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $1,000 to $9,500, plus applicable interest and penalties.

k) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is 1 year.

l) Pursuant guideline § 5B1.2 if the Court imposes probation the term of probation is at least 1 year but not more than 5 years.

m) Pursuant to § 5E1.1, the Court shall enter a restitution order for the full amount of the tax loss owed to the IRS, which the parties agree is $7,759,

as well as interest and penalties as calculated by the IRS prior to sentencing as set forth above.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 11/7/24

_____
Stace Yater Wallace
Defendant

Date: 11/7/24

_____
Richard J. Banta
Attorney for Defendant

Date: 11/7/24

_____
Timothy Neff
Assistant U.S. Attorney

Date: 11/7/2024

_____
Nicole Cassidy
Assistant U.S. Attorney